■ MORTON R. GOLDMAN, Respondent, v. BUSINESS FACTORS CORPORATION, Appellant.— Order, entered on April 17, 1963, granting summary judgment to plaintiff and the judgment entered thereon, unanimously affirmed, with costs to respondent. This determination is without prejudice to defendant, if it be so advised, bringing an independent action based upon fraud. The appeal from the order of May 21, 1963, denying motion for leave to reargue, is dismissed, without costs. Concur — Breitel, J. P., Rabin, Stevens, Eager and Steuer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM LEE EVANS, Appellant.— Appeal by defendant from judgments of the Court of General Sessions rendered after a jury trial convicting him, on consolidated indictments, on two counts of first degree robbery, two counts of first degree sodomy, two counts of second degree assault with intent to commit robbery, and three counts of second degree assault with intent to commit sodomy. Defendant was sentenced as a second felony offender to various terms of imprisonment as follows: (I) Indictment No. 469/62-(a) on count 1, charging robbery first degree, 15 to 40 years; (b) on count 3, charging assault with intent to commit robbery, 5 to 10 years to run concurrently with the sentence on count 1; (c) on count 5, charging sodomy first degree, 15 to 20 years to run consecutively to count 1; (d) on count 6 charging assault second degree with intent to commit sodomy, 5 to 10 years to run concurrently with count 5. (II) Indictment No. 4473-1/2-61-(a) on count 1 charging robbery first degree of complainant McDermott, 15 to 40 years to run consecutively to the sentence on count 5 of Indictment No. 469/62; (b) on count 3, charging assault second degree with intent to commit robbery, 5 to 10 years to run concurrently with the sentence on count 1 of Indictment No. 4473-1/2-61; (c) on count 5, charging assault second degree with intent to commit sodomy on McDermott, 5 to 10 years to run consecutively to counts 1 and 3 of Indictment No. 4473-1/2-61; (d) on count 6, charging sodomy first degree on complainant Jakubik, 15 to 20 years to run consecutively to count 5 of Indictment No. 4473-1/2-61; (e) on count 7, charging assault second degree with intent to commit sodomy on Jakubik, 5 to 10 years, to run concurrently with the sentence on count 6 of Indictment No. 4473-1/2-61. The aggregate term of imprisonment on the consecutive sentences would be 65 to 130 years. The judgments are modified on the law and the facts so as to provide for a sentence as follows: On count 1 of Indictment No. 469/62, charging robbery first degree, 15 to 40 years, and on count 5 of Indictment No. 4473-1/2-61, charging assault second degree with intent to commit sodomy, 5 to 10 years to run consecutively to the sentence on count 1 of Indictment No. 469/62. The aggregate of consecutive sentences as so reduced would be 20 to 50 years instead of the 65 to 130 years as imposed by the court below. All of the other sentences are modified only to the extent that they shall run concurrently with the sentences fixed by the court herein as to count 1 of Indictment No. 469/62. As so modified, the judgments are affirmed. In our opinion, under the circumstances here, the imposition of the consecutive sentences in the judgments, except as indicated above, rather than concurrent sentences, was excessive and constituted an improvident exercise of discretion. We have examined the other alleged errors and find no cause therein for reversal of the judgments. Concur — Botein, P. J., Breitel, Valente, McNally and Steuer, JJ.